IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD LOWER,

        Plaintiff,

v.                                                                  Civil Action No. 2:04-CV-57

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT BE DENIED

### I. Introduction

A.    Background

Plaintiff, Edward Lower, [Claimant], filed his application for award of attorney's fees under the Equal Access to Justice Act, (EAJA), 28 U.S.C. § 2412(d), on November 13, 2007.[1] Commissioner filed his response on December 19, 2007.[2] Claimant filed his reply to Commissioner's response on December 28, 2007.[3]

B.    The Motion

Claimant's application for award of attorney's fees under the Equal Access to Justice Act.

C.    Recommendation and Order

I recommend Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**. Commissioner's position that the ALJ properly evaluated the credibility

---

[1] Docket No. 32

[2] Docket No. 35

[3] Docket No. 36

of Claimant's statements of pain and limitations in accordance with Craig and properly considered the opinions of treating and evaluating sources was substantially justified, even if ultimately denied by the district court.

## II. Facts

Plaintiff, Edward Lower, (Claimant), filed his Complaint on August 13, 2004 seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[4] Commissioner filed his Answer on October 22, 2004.[5] Claimant filed his Motion with Memorandum in Support of Remand on November 24, 2004.[6] Commissioner filed his Motion for Summary Judgment on December 27, 2004.[7] Claimant filed his Motion for Summary Judgment on January 19, 2005.[8] Commissioner filed a Supplemental Memorandum responding to Claimant's Motion on March 14, 2005.[9] Claimant filed a Reply in response to Commissioner's Supplemental Memorandum on March 28, 2005.[10] The Undersigned filed a Report and Recommendation on June 20, 2005, recommending Plaintiff's Motion for Summary Judgment be denied and Commissioner's Motion for Summary Judgment be granted.[11]

---

[4] Docket No. 1

[5] Docket No. 6

[6] Docket No. 8

[7] Docket No. 12

[8] Docket No. 14

[9] Docket No. 18

[10] Docket No. 19

[11] Docket No. 20

Claimant filed objections on June 30, 2005.[12] The Honorable Robert E. Maxwell remanded the action to the Undersigned on September 30, 2005 for further consideration of the issues raised by Claimant in his objections.[13] The Undersigned filed a Per Remand Report and Recommendation on February 10, 2006, again recommending Plaintiff's Motion for Summary Judgment be denied and Commissioner's Motion for Summary Judgment be granted.[14] Claimant filed objections on February 27, 2006.[15] On September 19, 2007, the Honorable Robert R. Maxwell entered an Order granting Claimant's Motion for Summary Judgment and denying Commissioner's Motion for Summary Judgment.[16]

### III. Claimant's Application for Award of Attorney's Fees

A.  Contentions of the Parties

Claimant contends the Court should award attorney fees because the Commissioner's argument was not substantially justified. Specifically, Claimant contends the Commissioner's position the ALJ conducted a proper credibility analysis and properly evaluated treating and examining sources was not substantially justified. Commissioner argues his position was substantially justified because there was a reasonable basis for the facts asserted and a reasonable basis in the law for the legal theories proposed in his case.

---

[12] Docket No. 21

[13] Docket No. 23

[14] Docket No. 24

[15] Docket No. 25

[16] Docket No. 30

B. The Standards

1. EAJA Fees to Prevailing Party. Upon a timely petition, a party who prevails in litigation against the United States is entitled to EAJA attorneys' fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

2. General Eligibility Requirements. In order to be eligible for an award of fees, the following requirements must be met: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; Crawford, 935 F.2d at 656.

3. Substantial Justification - Definition. Substantial justification means justified in substance or in the mains, rather than justified to a high degree, and even losing arguments could commonly be found to be substantially justified. Pierce v. Underwood, 487 U.S. 552, 565-69 (1988). The test is whether arguably there was substantial evidence to support the Government's position that Claimant was not entitled to benefits. Crawford v. Sullivan, 935 F.2d at 657. Substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce, 487 U.S. at 565.

4. Substantial justification - Burden of Proof. In the district court, the government has the burden of showing substantial justification. Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988).

5. Substantial justification - Independent Determination by the Court. While the burden of showing substantial justification is on the government, a district court may find that

4

the record before it demonstrates that substantial justification exists for a litigation position. Campbell v. Bowen, 800 F.2d 1247, 1249 (4th Cir. 1986).

6. Substantial justification - Law and Fact. The government's position must be substantially justified in both fact and law. Pierce, 487 U.S. at 565; Crawford, 935 F.2d at 656. An accurate recital of law by the government cannot excuse a substantially unjustified position on the facts. Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir. 1992) (finding that the government faced a difficult task to convince the Court that its position was substantially justified in fact when the record was replete with objective medical evidence of a condition that could cause pain).

7. Substantial justification - Disputed Facts. Where eligibility for benefits turns on disputed facts, the ultimate award of benefits does not necessarily mean that the Secretary was unjustified in contesting the claim. Thompson, 980 F.2d at 282.

8. Substantial justification- Arguably Defensible Administrative Record. A position based on an arguably defensible administrative record is substantially justified. Crawford, 935 F.2d at 658. Although the Secretary's original decision may be found to be based on an inadequately developed record, it does not necessarily mean that the position is not substantially justified. Sigman v. U.S. Dep't. of Health and Human Servs., 961 F.2d 211 (4th Cir. 1992) (unpublished).

9. Substantial justification - Government Ignores the Law. Administrative agencies must follow the law of the circuit whose courts have jurisdiction over the cause of action. Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986). The government's policy of non-acquiescence to the law of the circuit entitles the claimant to recover attorney fees. Id. at 382. A policy of non-

acquiescence cannot be substantially justified. Thompson, 980 F.2d at 283.

10. No Automatic Rights to Attorneys' Fees When ALJ's Decision is Remanded. Commissioner is not automatically liable for attorney's fees every time he loses a case. Crawford, 935 F.2d at 657. There is no "presumption that the government position was not substantially justified, simply because it lost the case." Id. (citing Tyler Business Services, Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). Even when the case is remanded for reconsideration of the original denial of benefits and Commissioner ultimately reverses his original position, the government can still demonstrate that its original position was substantially justified. Cook v. Sullivan, 935 F.2d 1285 (4th Cir. 1991) (unpublished).

11. Substantial Justification versus Substantial Evidence. The substantial justification inquiry requires a new, independent exercise of judicial judgment not pre-ordained by any prior assessment of the merits. Evans v. Sullivan, 928 F.2d 109, 110 (4th Cir. 1991). Whether an ALJ's denial of benefits is supported by substantial evidence on the record as a whole (the merits question) is not congruent with whether that denial, or its defense in court, was substantially justified (the fee award question). Cook, 935 F.2d at 1285. While obviously related, the two standards "do not logically compel the same answers or even raise legal presumptions in that direction." Id.

12. Final Judgment - Timely Filing of Application. A party seeking an award of fees and expenses shall, within thirty days, of final judgment, submit to the court an application for fees and other expenses that shows that the party is the prevailing party and is eligible to receive an award, the amount sought, including an itemized statement stating the actual time expended, and the rate at which fees and other expenses were calculated. 42 U.S.C. § 2412(d)(1)(B).

14. <u>Final Judgment - Prevailing Party - Generally</u>. A party prevails by succeeding on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

15. <u>Final Judgment - Sentence Four Remand - When the Filing Period Begins</u>. The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 96 (1991). When the United States is a party, the period for appealing the judgment is 60 days. Fed. R. App. P. 4.

16. <u>Final Judgment - Sentence Four Remand - Formal Judgment</u>. Because a remand order under sentence four is final for all purposes, it must be accompanied by a formal judgment under Rule 58 of the Federal Rules of Civil Procedure; however, an EAJA application is not untimely where the time for appeal has not expired because the remanding order has failed to enter the formal judgment as required by Rule 58. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993).

17. <u>Discretion to Award Attorneys' Fees</u>. A decision to award attorneys' fees under EAJA is within the sound discretion of the district court. <u>May v. Sullivan</u>, 936 F.2d 176, 177 (4th Cir. 1991). The amount of attorney's fees is within the discretion of the district court. <u>Payne v. Sullivan</u>, 977 F.2d 900, 903 (4th Cir. 1992).

C. <u>Discussion</u>

In order to be eligible for fees under EAJA, the following four requirements must be met: (1) the claimant was the prevailing party; (2) the government's position was not substantially

justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. Crawford, 935 F.2d at 656.

### 1. Prevailing Party

Claimant is a prevailing party because by obtaining a remand by the district court he succeeded on a significant issue in the litigation which achieved some of the benefit he sought in bringing the suit. Hensley, 461 U.S. at 433.

### 2. Timely Filing

The district court entered its order granting Claimant's motion for summary judgement on September 19, 2007. Commissioner therefore had until November 19, 2007 to file an appeal. Fed. R. App. P. 4. The thirty day period under EAJA began to run after that date when Commissioner did not appeal. Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Claimant filed his application for attorneys' fees on December 6, 2007, along with an itemized statement detailing counsel's work. Claimant's application for attorney's fees was filed within thirty days after the period for appealing the judgment had run; therefore, the motion was timely filed.

### 3. Special Circumstances

Neither party argues, and the Court does not believe, that there are any special circumstances present that would make an award of fees unjust.

### 4. Substantial Justification

The issue is whether Commissioner's position in opposing the awarding of benefits was substantially justified. In order to be substantially justified, Commissioner must rely on an arguably defensible administrative record. Crawford, 935 F.2d at 658.

A party who prevails in litigation against the United States is entitled to attorney's fees

8

under EAJA if the government's position was not "substantially justified." Id. at 656. The Government bears the burden of proving "substantial justification." Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988). The Government can defeat a claim for attorney fees by showing that its position had a reasonable basis in both fact and law. Crawford, 935 F.2d at 656 (citing Pierce, 487 U.S. at 565). Commissioner is not automatically liable for attorney's fees every time he loses a case. Crawford, 935 F.2d at 657.

In this case, the Court concludes the Commissioner's position was substantially justified.

i. Credibility Assessment of Claimant's Statements of Pain and Limitations

Claimant, in his motion for summary judgment, contended the ALJ improperly assessed the credibility of his statements of pain and limitations. Commissioner, in his reply, contended the ALJ's credibility determination of Claimant's statements of pain and limitations complied with Craig v. Charter, 76 F.3d 585 (4th Cir. 1996), and was therefore proper. For the following reasons, the Court finds the Commissioner's position was substantially justified, despite being ultimately denied by the Court.

Pursuant to Craig v. Charter, 76 F.3d 585, the determination of whether a person is disabled by pain or other symptoms is a two step process. First, the ALJ must expressly consider whether the claimant has demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain alleged. Craig, 76 F.3d at 595. Second, once this threshold determination has been made, the ALJ must evaluate the intensity and persistence of the claimant's pain, and the degree to which it impacts their ability to work. Id. In making this latter evaluation, the ALJ must consider all the available evidence, including any inconsistencies between the claimant's statements "and the rest of the evidence, including your medical history,

9

the medical signs and laboratory findings, and statements by your treating or examining physician or psychologist or other persons about how your symptoms affect you." Id.

For the reasons stated below, the Court finds it was reasonable for the Commissioner to argue the ALJ's credibility determination complied with Craig. The ALJ in the present case found Claimant had a "medically determinable impairment that could reasonably be expected to cause some of the symptoms described." (Tr. 23). In light of this statement, and the ALJ's finding Claimant suffered from impairments including "back pain status post gunshot wounds; mild restrictive lung disease; major depressive disorder, recurrent; generalized anxiety disorder; and posttraumatic stress disorder," it was reasonable for the Commissioner to argue the ALJ had met the first prong of Craig. In other words, the Commissioner's position was "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." See Pierce, 487 U.S. at 565 [holding substantial justification requires at least "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"].

The Commissioner was similarly justified in arguing the ALJ complied with step two of Craig. In his credibility determination, the ALJ explained he "d[id] not find the claimant to be entirely credible and d[id] not accept his statements concerning his symptoms and limitations, including, but not limited to, back pain and shortness of breath on any exertion, constant back pain, numbness of the legs, inability to relate to others, and inability to maintain concentration and attention." (Tr. 23). In support of his conclusion, the ALJ provided a detailed overview of the inconsistencies in Claimant's reporting of symptoms and limitations. (Tr. 21-23). The ALJ then compared Claimant's statements with the objective medical evidence, explaining beforehand, "in light of this view concerning the claimant's credibility, the Administrative Law

Judge does not accept medical findings or opinions that are based solely or primarily on the claimant's subjective complaints." (Tr. 23).

Based upon the ALJ's careful evaluation of Claimant's statements, in and of themselves, and in relation to the entire medical record, the Commissioner's position the ALJ's credibility analysis complied with step two of Craig was substantially justified. As the Court in Craig explained, a proper credibility analysis included consideration of "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, . . . ." See Craig, 76 F.3d at 595, citing 20 C.F.R. §§ 416.929(c)(4) and 404.1529(c)(4). Although the Honorable Judge Maxwell ultimately disagreed with the ALJ's characterization of some of the inconsistencies as bearing on Claimant's credibility,[17] it was not unreasonable, and was substantially justified, for the Commissioner to rely on the reasonableness of the ALJ's characterization of the inconsistencies. See Pierce, 487 U.S. at 562, n.2 [stating the Commissioner can be wrong and his position substantially justified if "a reasonable person could think it is correct, that is, if it has a reasonable basis in law and fact.].

While the Court recognizes the reasonableness of Claimant's position - ultimately adopted by the District Court - that the ALJ violated Craig and SSR 96-7p by discounting the credibility of Claimant's statements of pain prior to evaluating them in conjunction with the

---

[17] For example, the ALJ cited to two pain questionnaires completed by Claimant. (Tr. 22). In the questionnaire dated July 3, 1995, Claimant reported he experienced "intermittent pain." In the questionnaire dated January 29, 1996, he reported he experienced "constant pain." While the ALJ interpreted this discrepancy as bearing on Claimant's credibility, Judge Maxwell interpreted the discrepancy as reflecting the fact "medical conditions do change." (Doc. No. 30).

11

medical record, the Court finds - as explained above - it was likewise reasonable for the Commissioner to argue the ALJ complied with Craig. Because the Commissioner's position need only have been substantially justified, not ultimately "correct," it is not error for the Court to find the Commissioner met his present burden despite having "lost" his Motion for Summary Judgment. See Pierce, 487 U.S. at 562, n.2.

### ii. Consideration of Medical Opinions

Claimant contends the Commissioner's position the ALJ properly weighed and evaluated medical reports, specifically those of Dr. Morgan and Dr. Beard, is not substantially justified. Commissioner contends his position the ALJ properly and thoroughly considered the medical evidence was substantially justified.

The Court finds the Commissioner's position was substantially justified. First, as reflected in the ALJ's opinion, the ALJ carefully considered the medical evidence, particularly when assessing it's support for Claimant's statements of pain and limitation. (Tr. 23-25). Second, despite reasonably assigning limited weight to Dr. Morgan's and Dr. Beard's opinion, the ALJ included those limitations identified in the doctors' reports in Claimant's RFC. (Tr. 29-30). Claimant's allegation it was unreasonable for the Commissioner to overlook the ALJ's apparent dismissal of medical evidence based on his finding Claimant was not credible is without merit. As explained above, while it is reasonable to interpret the ALJ's language (Tr. 23) to mean he outright dismissed medical opinions rooted in Claimant's statements because he found Claimant was not credible, it is also reasonable to interpret the same language to mean the ALJ, in reviewing the medical records, simply questioned the reliability of opinions that relied solely on Claimant's own statements, Claimant having been found to be inconsistent in his

reporting of symptoms.  So long as the Commissioner's position was reasonably based in fact and law despite being ultimately denied, it was substantially justified.  See Pierce, 487 U.S. at 562, n.2 [stating the Commissioner can be wrong and his position substantially justified if "a reasonable person could think it is correct, that is, if it has a reasonable basis in law and fact.].

### IV.  Recommendation

Based on the forgoing, I recommend Claimant's application for award of attorney's fees under the Equal Access to Justice Act be **DENIED**.  Commissioner's position the ALJ properly evaluated the credibility of Claimant's statements of pain and limitations in accordance with Craig, and properly considered the opinions of treating and evaluating sources was substantially justified, even if ultimately denied by the district court.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: February 20, 2008

/s/ James E.Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE