**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**EDWARD LOWER,**

    **Plaintiff,**

  **v.**            **CIVIL ACTION NO. 2:04-CV-57**
                     **(BAILEY)**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

    **Defendant.**

## ORDER

  The above-styled matter is before this Court for consideration of the Report and

Recommendation (R&R)(Doc. 39) of United States Magistrate Judge James E. Seibert on

the Plaintiff's Motion for Attorney Fees (Doc. 32).  Magistrate Judge Seibert filed his R&R

on February 20, 2008, wherein the parties were directed, in accordance with 28 U.S.C. §

636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after

being served with a copy of the R&R.  Plaintiff filed his objections on February 29, 2008

(Doc. 40).  Accordingly, this Court will conduct a *de novo* review of the Magistrate's R&R.

  On August 13, 2004, plaintiff filed his complaint seeking judicial review of an adverse

decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 1383(c)(3).  By

Order entered on September 19, 2007 (Doc. 30), United States District Judge Robert E.

Maxwell reversed the decision of the Commissioner of Social Security and remanded this

matter to the Commissioner for calculation of benefits.  Subsequently, on December 6,

2007, the plaintiff filed his Motion for Attorney Fees (Doc. 32).  On January 8, 2008,

Magistrate Judge Seibert held an evidentiary hearing on the matter, resulting in his

February 20, 2008, R&R recommending the plaintiff's Motion for Attorney Fees be denied. In so recommending, the Magistrate Judge found that the Commissioner's positions that the ALJ, in his analysis of the plaintiff's credibility, complied with ***Craig v. Charter***, 76 F.3d 585 (4th Cir. 1996), and properly weighed and evaluated the medical reports, were both substantially justified despite being denied by the Court. The plaintiff objects to both findings.

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised in the plaintiff's Motion for Attorney Fees were thoroughly considered by Magistrate Judge Seibert in his R&R. As properly noted by the Magistrate Judge, four elements must be met in order to establish eligibility for an award of attorney's fees under the Equal Access to Justice Act: (1) the claimant is the prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make the award unjust; and (4) the claimant timely filed a petition supported by an itemized statement. 28 U.S.C. § 2412; ***Crawford v. Sullivan***, 935 F.2d 655, 656 (4th Cir. 1991). In regard to the second element, the United States Supreme Court has held that substantial justification means justified in substance or in the mains rather than justified to a high degree. ***Pierce v. Underwood***, 935 F.2d 522, 565-69 (1988). Significantly, substantial justification requires at a minimum "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ***Id***. The Government has the burden of showing substantial justification. ***Lively v. Bowen***, 858 F.2d 177, 180 (4th Cir. 1988). Nevertheless, the question of whether the record demonstrates substantial justification for a litigation position is one accorded to the sound discretion of the district court. ***Campbell v. Brown***, 800 F.2d 1247, 1249 (4th Cir. 1986); ***May v. Sullivan***, 936 F.2d 176, 177 (4th

Cir. 1991). If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified. *Crawford*, 935 F.2d at 658. There is no "presumption that the government's position was not substantially justified, simply because it lost the case." *Crawford*, 935 F.2d at 656 (citing *Tyler Business Services, Inc. v. NLRB*, 695 F.2d 73, 75 (4th Cir. 1982)).

Turning to the case at bar, this Court finds, as did the Magistrate Judge, that the Commissioner was substantially justified in defending the ALJ's analysis of the plaintiff's credibility and evaluation of the medical records. This Court, in remanding the matter, found that the ALJ erred by failing to conduct a proper credibility analysis and by failing to properly weigh and evaluate the medical evidence provided by the treating and examining sources. As earlier noted, this creates no presumption that the Government, in it's defense of the record before this Court, was not substantially justified in its position. As noted by the Magistrate Judge in the R&R, the ALJ, in his credibility determination, did provide a detailed overview of what he believed the inconsistencies to be in the plaintiff's reporting of symptoms and limitations. Further, the ALJ, while ultimately found to have done so incorrectly, did discuss and weigh each medical report in turn. Therefore, this Court finds that the Commissioner was substantially justified, though ultimately unsuccessful, in defending the administrative record. In recognition of the above, this Court notes that it is this arguably defensible administrative record that serves as the basis for the Court's decision. *See Crawford*, 935 F.2d at 658. In short, it cannot be said that the Commissioner's position was unreasonable or devoid of substantial justification. Defendant's objections are overruled.

This Court, upon an independent *de novo* consideration of the record, is of the

opinion that the proposed R&R (Doc. 39) accurately reflects the law applicable to this case. Accordingly, it is

ORDERED that Magistrate Judge Seibert's R&R (Doc. 39) be, and the same hereby is, **ADOPTED.**  In accordance with the R&R, it is further

ORDERED that Plaintiff's Motion for Attorney Fees (Doc. 32) shall be, and the same hereby is, **DENIED**.

The Clerk of Court is directed to transmit copies of this Order to counsel of record.

**DATED**: April 15, 2011.


JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE